NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIE C. JONES<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF HACKENSACK, et al,<br><br>                    Defendants. | Civil Action No.: 10-3004 (JLL)<br><br><br><br>O P I N I O N |

APPEARANCES:

Elie C. Jones
15 Palisades Ave. # 4
Bogota, NJ 07605-4833
        Plaintiff, pro se

LINARES, District Judge:

   Plaintiff pro se Elie C. Jones seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of indigence, the Court (1) grants Mr. Degnan's application to proceed *in forma pauperis*, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security.  28 U.S.C. § 1915(a).

   Having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court concludes that while Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Mr. Degnan should be afforded an opportunity to amend so as to cure the defects discussed herein.

## I. BACKGROUND

Plaintiff's form complaint asserts that this Court's jurisdiction is predicated on "Civil Rights Violation / Federal Question." (Plaintiff's Complaint, p. 11; CM/ECF No. 1).   In its entirety, Plaintiff's statement of facts in support of his claim states:  "Hackensack Police officer racially profiled Mr. Elie C. Jones as well as harass and threatened unlawful arrest." (Id.).

## II. STANDARDS FOR A § 1915(e)(2)(B) DISMISSAL

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).   The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

## III.   ANALYSIS

Because Plaintiff is proceeding pro se, the Court construes his Complaint in the way most favorable to him. Carr v. Sharp, 454 F.2d 271, 272 (3d Cir. 1971).   Federal Rule of Civil Procedure 8(a) provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This has not been done. In its entirety, Plaintiff's form complaint states the following: "Hackensack Police officer racially profiled Mr. Elie C. Jones as well as harass and threatened unlawful arrest." (Complaint, p. 11). Based on this sparse statement, it is entirely unclear to the Court the circumstances and facts that Plaintiff alleges in support of his claim.  Such a bare Complaint violates the requirements of Federal Rule of Civil Procedure Rule 8(a), which requires that the Complaint set forth (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief."

**V. CONCLUSION**

Given the foregoing, the Court dismisses Plaintiff's Complaint without prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted, but permits Plaintiff to file an amended Complaint within thirty (30) days of entry of this Opinion and accompanying Order addressing the deficiencies set forth herein. <u>See</u> <u>Denton</u>, 504 U.S. at 34.   If Plaintiff fails to amend his Complaint within thirty (30) days, his Complaint will be dismissed with prejudice.

An appropriate Order accompanies this Opinion.


/s/ Jose L. Linares_____
JOSE L. LINARES
Dated: November 22, 2010                    UNITED STATES DISTRICT JUDGE